**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

JO'VON MONTEL HOLLOWELL,

    Petitioner,

v.                                                                   Case No. 2:24-cv-2892-MSN-tmp

WARDEN C. HARRISON,

    Respondent.

---

**ORDER DISMISSING § 2241 PETITION AS MOOT,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

---

Before the Court is the *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition") of Petitioner Jo'Von Montel Hollowell, a former federal prisoner.[1] (ECF No. 1.)  For the reasons that follow, the § 2241 Petition is **DISMISSED** as moot.

I.    **BACKGROUND**

On April 6, 2022, Petitioner was convicted by a jury of one count of firearms dealing without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D); and two counts of making a false statement to a federally licensed firearms dealer, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).  (*United States v. Hollowell,* No. 1:21-cr-00239-01-JPB-jkl (N.D. Ga. Aug. 30, 2022), ECF Cr. Nos. 66 & 110.)  A federal district court judge in the Northern District of Georgia sentenced Petitioner to a total aggregate sentence of 46 months of imprisonment,

---

[1] At the time Petitioner filed his § 2241 Petition, he was an inmate at the Federal Correctional Institution in Memphis, Tennessee. (ECF No. 1 at PageID 1.)  He was released from custody on June 4, 2025.  *See* Federal Bureau of Prisons, Find an Inmate (Register No. 59645-509) (last accessed June 24, 2025).  Petitioner has not notified the Court of his new address.

1

followed by a three-year term of supervised release.  (ECF Cr. No. 110 at PageID 2–3.)  Petitioner

appealed, and the United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's

convictions.  *United States v. Hollowell*, No. 22-12905, 2023 WL 5950500, at *3 (11th Cir. Sept.

13, 2023), *cert. denied sub nom. Hollowell v. United States*, 144 S. Ct. 707, 217 (2024).

Petitioner filed the instant § 2241 Petition on November 14, 2024.  (ECF No. 1.)

Petitioner alleges that the Bureau of Prisons ("BOP") has wrongfully deemed him ineligible to

have his First Step Act ("FSA") earned time credits applied to his pre-release custody because of

his "holdover" classification and unresolved pending criminal charges.  (*See* ECF No. 1-1 at

PageID 7; ECF No. 1-2 at PageID 13.)

## II.    ANALYSIS

When Petitioner filed the § 2241 Petition, he was serving his 46-month custodial sentence.

(*See* ECF No. 1 at PageID 1.)  Petitioner was released from BOP custody on June 4, 2025.

"Article III of the Constitution confines the judicial power of federal courts to deciding

actual 'Cases' or 'Controversies.'"  *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (quoting

U.S. Const., art. III, § 2).  A case or controversy, at a minimum, requires that "the plaintiff must

have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be

redressed by a favorable judicial decision."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal

quotation marks and citation omitted).  This is "a cradle-to-grave requirement that must be met

in order to file a claim in federal court and that must be met in order to keep it there."  *Fialka-*

*Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011).

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction

always satisfies the case-or-controversy requirement, because the incarceration (or the restriction

imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and

redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 7. Once the prisoner's sentence has expired, however, he must make an affirmative showing that he is suffering some concrete "collateral consequence" because of his completed sentence, or his claim is properly dismissed as moot. *Id*.

Petitioner does not attack his underlying criminal convictions, and the only relief sought in his § 2241 Petition is an order directing the BOP to "release [him] to supervised release immediately."[2] (ECF No. 1 at PageID 4.) Petitioner, however, has completed his custodial sentence. Any argument that the BOP erred in its application of earned time credits to Petitioner's custodial sentence has been rendered moot by his release from confinement. *See Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (stating that a case becomes moot "and falls outside [a court's] jurisdiction" when "events occur during the pendency of a litigation which render the court unable to grant the requested relief"). In other words, the §2241 Petition is moot because Petitioner has completed his custodial sentence, so the Court is "unable to grant the requested relief." *See Demis*, 558 F.3d at 512.

The § 2241 Petition is **DISMISSED** as moot. Judgment shall be entered consistent with this ruling.

## III.    APPELLATE ISSUES

A federal prisoner seeking relief under § 2241 need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1) to challenge the denial of his petition. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of

---

[2] To the extent that Petitioner seeks to have FSA earned time credits applied to his term of supervised release, the Supreme Court has held that a term of supervised release cannot be reduced "by reason of excess time served in prison" because "[s]upervised release fulfills rehabilitative ends distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59-60 (2000).

appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Petitioner leave to appeal *in forma pauperis*.[3]

**IT IS SO ORDERED**, this 25th day of June, 2025.

s/ *Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must also pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.